Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Daniel C. Kiang (SBN 307,961)
daniel.kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
OAKLEY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRILLION TOP COMPANY LIMITED LLC, a Hong Kong, S.A.R. company,<br><br>　　　　　Defendant. | Civil Action No. 8:17-cv-01580<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Trillion Top Company Limited LLC ("TTCL") and allege as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. §§ 271 and 281, as these claims arise under the laws of the United States.

2. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district. For example, by selling and offering for sale infringing products in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, Defendant's acts form a substantial part of the events or omissions giving rise to Oakley's claims.

3. Oakley is informed and believes, and thereon alleges, that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(d), and 1400(b), including because Defendant has committed acts of infringement in this district and has a regular and established place of business in this district.

## II. THE PARTIES

4. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5. Oakley is informed and believes, and thereon alleges, that Defendant TTCL is a company organized and existing under the laws of Hong Kong, S.A.R. having its principal place of business at Unit B, 7/F, 100 Texaco Road, Tsuen Wan, NT, Hong Kong, S.A.R.

/ / /

/ / /

### III. GENERAL ALLEGATIONS

6. Oakley is one of the world's most iconic brands. The company and its products are recognized for their innovative technology and distinctive style. Since its founding, Oakley's engineers and designers have worked continuously to bring new technology and breakthrough designs to the market.

7. Oakley has been actively engaged in the manufacture and sale of high quality products since at least 1985. Oakley is the manufacturer and retailer of several lines of watches that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

8. On November 8, 2011, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Design Patent No. D648,229 ("the D229 Patent"), titled "Watch." Oakley is the owner by assignment of all right, title, and interest in the D229 Patent. A true and correct copy of the D229 Patent is attached hereto as Exhibit A.

9. On May 8, 2012, the USPTO duly and lawfully issued United States Design Patent No. D659,043 ("the D043 Patent"), titled "Watch Dial." Oakley is the owner by assignment of all right, title, and interest in the D043 Patent. A true and correct copy of the D043 Patent is attached hereto as Exhibit B.

10. Defendant makes, uses, sells, offers for sale, and/or imports into the United States products that infringe each of the D229 Patent and the D043 Patent, for example, through retailers like overstock.com and directly through online marketplaces.

11. Defendant's acts complained of herein have caused Oakley to suffer irreparable injury to its business. Oakley will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

/ / /

12. Oakley is informed and believes, and on that basis, alleges, that Defendant's acts complained of herein are willful and deliberate.

## IV. FIRST CLAIM FOR RELIEF

(Patent Infringement)
(35 U.S.C. § 271)

13. Oakley repeats and re-alleges the allegations of paragraphs 1-12 of this Complaint as if set forth fully herein.

14. This is a claim for patent infringement under 35 U.S.C. § 271.

15. Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D229 Patent by making, using, selling, offering for sale, and/or importing watches having a design that would appear to an ordinary observer to be substantially similar to the claim of the D229 Patent for example, Defendant's *Salmon Shark Series, Shark Stainless Steel*, and other Shark Infringing Products as shown below.

| Accused Product | Oakley Patent |
|---|---|
| Salmon SHARK Series | D648,229 |

| Accused Product | Oakley Patent |
|---|---|
| SHARK Stainless Steel  SHARK Infringing Products  | |

16. Defendant's acts of infringement of the D229 Patent were undertaken without permission or license from Oakley. Oakley is informed and believes, and based thereon alleges, that Defendant had actual knowledge of Oakley's rights in the design claimed in the D229 Patent.

/ / /

- 4 -

17. Oakley and its iconic designs are well-known throughout the industry, and Defendant's accused products are each an identical copy of Oakley's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D229 Patent. Defendant infringed the D229 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D229 Patent. Defendant's acts of infringement of the D229 Patent were not consistent with the standards of commerce for its industry.

18. Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D043 Patent by making, using, selling, offering for sale, and/or importing watches having a design that would appear to an ordinary observer to be substantially similar to the claim of the D043 Patent for example, Defendant's *Salmon Shark Series, Shark Stainless Steel*, and other Shark Infringing Products as shown below.

| Accused Product | Oakley Patent |
|---|---|
| Salmon SHARK Series | D659,043 |

| Accused Product | Oakley Patent |
|---|---|
| SHARK Stainless Steel<br><br><br><br>SHARK Infringing Products | |

19. Defendant's acts of infringement of the D043 Patent were undertaken without permission or license from Oakley. Oakley is informed and believes, and based thereon alleges, that Defendant had actual knowledge of Oakley's rights in the design claimed in the D043 Patent.

20. Oakley and its iconic designs are well-known throughout the

- 6 -

industry, and Defendant's accused products are each an identical copy of Oakley's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D043 Patent. Defendant infringed the D043 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D043 Patent. Defendant's acts of infringement of the D043 Patent were not consistent with the standards of commerce for its industry.

21. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

22. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

23. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

24. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement of the D229 Patent and the D043 Patent.

25. Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

26. Defendant will continue to infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in their favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the D229 Patent and the D043 Patent under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, attorneys, and those persons in active concert or participation with Defendant, from infringing the

D229 Patent or the D043 Patent in violation of 35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation into the United States of Defendant's *Salmon Shark Series, Shark Stainless Steel*, any of the Shark Infringing Products, and any products that are not colorably different form these products;

    C.    That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the D229 Patent and the D043 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

    D.    An Order adjudging that this is an exceptional case;

    E.    An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

    F.    An award to Oakley of the attorney fees, expenses, and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

    G.    An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

    H.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 13, 2017    By: */s/ Ali S. Razai*
    Michael K. Friedland
    Ali S. Razai
    Daniel C. Kiang

Attorneys for Plaintiff
OAKLEY, INC.

- 8 -

## DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 13, 2017

By: */s/ Ali S. Razai*
Michael K. Friedland
Ali S. Razai
Daniel C. Kiang

Attorneys for Plaintiff
OAKLEY, INC.

26530290

- 9 -